## VALLE v. UNITED STATES.
Civ. No. 2327.

District Court, E. D. New York.
May 7, 1948.

Theodore L. White, of New York City, for plaintiff.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Chief Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

GALSTON, District Judge.

This action is brought under a war risk insurance policy issued by the government to Felix A. Valli to recover permanent and total disability benefits. He was a soldier in the United States Army in World War I. The action was originally brought by Harold J. Cloutman, as a committee of Felix A. Valli, a then incompetent, the complaint having been filed on November 5, 1941. Valli having died before the case was tried, an amended complaint was filed on December 3, 1947 by the administrator of his estate.

The facts are substantially agreed upon. Valli was inducted into the Army on April 29, 1918. He was honorably discharged on or about November 30, 1918, and the war risk policy on which he made his last payment late in 1918 lapsed on January 31, 1919.

The question then presented is whether Valli, before the policy lapsed, had become totally and permanently disabled while in the military service.

It seems understood that such an impairment is one which renders it impos-

sible for the disabled person to follow continuously any substantially gainful occupation, and total disability is deemed to be permanent only when it is founded upon conditions which render it reasonably certain that the disability will continue throughout the life of the person suffering from it.

The plaintiff is a cousin with whom the decedent lived in 1915 for a while. He testified that during that period Valli worked in a woolen mill and lived in Rensselaer. After his discharge from the Army he returned to his cousin's house and lived with him until 1922. During that period apparently he did no work and his conduct at times was queer. His cousin said that he would fall down on the floor, or on his knees, and pray, and do that sometimes in front of the house, on the street. The cousin did not see him after 1922. Pedroni, a friend of the witness Valle, said he had known the decedent, and that they had worked together in the woolen mill. He too said that after Valli returned from the Army, when he met him in the street he would start to pray and kneel on the sidewalk. A witness, Ryan, another friend of Thomas Valle, also had known Felix Valli both before the war and after his discharge. He observed that Felix Valli would go about "hollering 'God bless you' and 'Hallelujah' ".

The credibility of Thomas Valle, an interested witness, and his two friends, Pedroni and Ryan, is considerably shaken, for from July 30, 1920 to January 10, 1921 the decedent had been employed in the Montefiore Hospital in the City of New York as an assistant baker, and therefore could not have been living in Rensselaer during that period.

The government proved a gainful occupation also, intermittently, from 1925 to 1928 in the Presbyterian Medical Center of New York, where Valli worked as a kitchen helper. He was examined before he was engaged by the hospital, and one of the attendants testified that he was physically and mentally all right. As Miss Stiely of the hospital said: "Well, in a hospital you don't want anybody who is mentally deranged or anything—you don't want anything like that because you don't know

what may happen at any time, and in a kitchen—it is no different than in any other place."

Sylvio Margandonna, pastor of the Italian Christian Church, testified that Valli attended his church during the period after his discharge from the Army. He testified that Valli's health seemed good and that he apparently acted normally.

The plaintiff called Dr. Fessenden, a psychiatrist connected with the Kings Park Hospital. He said that Valli had been admitted to that hospital on March 9, 1943, and that the hospital records showed that Valli had been in Central Islip State Hospital from September 25, 1928 until the time he was transferred to the Kings Park Hospital. The Central Islip State Hospital is for patients suffering from mental diseases. Dr. Fessenden said that the hospital record indicated that Valli was a "manic depressive" but that his personal opinion was that "he was an old paranoid praecox". He added that he believed that he was delusionally obsessed with religious ideas, that he endeavored to convert others. He had periods of excitement and would become "noisy, and would scream and holler, sometimes with religious phrases and sometimes just for anger".

In response to the hypothetical question embodying the plaintiff's proof in the case, Dr. Fessenden expressed the opinion that in December 1918 Valli was unable to continue or follow a gainful occupation.

Despite the opinion of the psychiatrist to the contrary, I believe that the proof shows that the assured was able to follow a gainful occupation, at least during the periods from July 1920 to January 1921, and from 1925 to 1928, and I am not persuaded that during the time that the policy was in force Valli was permanently and totally disabled from pursuing a gainful occupation.

The opinion of Dr. Fessenden would seem to fall in the class of "long-range retroactive diagnoses" referred to in Galloway v. United States, 319 U.S. 372, 63 S. Ct. 1077, 1085, 87 L.Ed. 1458. The witness gave no explanation of why he was willing to disregard Valli's Army record, which showed that he was found physically qualified for general military service on or

about March 13, 1918; that on June 10, 1918 he was passed by a neuro-psychiatric board; that on his discharge he was examined by an officer of the medical corps and on November 22, 1918 was certified to be physically and mentally sound and not disabled. On November 22, 1918 too Valli signed a statement that he was not suffering from the effects of any wound, injury or disease, and that he had suffered no disability or impairment of health whether or not incurred in the military service.

■ Accordingly the complaint will be dismissed. Appropriate findings of fact and conclusions of law will be filed with this opinion.